28 February 2000

NO. 4-99-0521

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS ) Appeal from

Plaintiff-Appellee, ) Circuit Court of

v. ) McLean County

ESTEBAN GARZA GUERRERO, ) No. 98CF1134

Defendant-Appellant. ) 

) Honorable

) Donald D. Bernardi,

) Judge Presiding.

_________________________________________________________________

JUSTICE MYERSCOUGH delivered the opinion of the court:

Defendant entered a guilty plea that was "negotiated as to charge and/or sentence" (see 
People v. Linder
, 186 Ill. 2d 67, 77-78, 708 N.E.2d 1169, 1174 (1999) (Freeman, C.J., specially concurring)), that is, the State dismissed several other counts and agreed to cap its sentence recommendation at 18 years in prison.  He filed a motion to reconsider sentence, which the trial court struck on the State's motion, but no motion to vacate his guilty plea.  On appeal, he raises for the first time his statutory entitlement to a $5-per-day credit against the street-

value fine imposed as part of his sentence.  At issue is whether this appeal must be dismissed pursuant to the supreme court's opinion in 
Linder
, 186 Ill. 2d 67, 708 N.E.2d 1169, as the State suggests, or whether we will address this issue of statutory entitlement on the merits.  We address the merits, conclude that defendant is entitled to the credit, and remand with directions.

I. BACKGROUND  

 In February 1999, defendant, Esteban Garza Guerrero, pleaded guilty to possessing, with intent to deliver, more than 5,000 grams of a substance containing cannabis on November 6, 1998, a Class X felony (720 ILCS 550/5(g) (West 1998)) with a sentencing range of 6 to 30 years (730 ILCS 5/5-8-1(a)(3) (West 1998)).  In exchange, the State agreed (1) to drop counts charging defendant with cannabis trafficking, a Class X felony that requires imposition of a prison sentence of 12 to 60 years, double the sentencing range under section 5(g) of the Cannabis Control Act, and possession of more than 5,000 grams of a substance containing cannabis, a Class 1 felony (720 ILCS 550/5.1(a), (b), 4(g) (West 1998)), and (2) not to seek a sentence greater than 18 years in prison.   An Illinois State Police trooper had stopped defendant's truck on the interstate due to a burned-out headlight.  When the trooper perceived that defendant behaved nervously, the trooper asked to look in the truck's trailer.  On doing so, the officer found 71 bundles of cannabis packaged consistent with intent to deliver and weighing 2,780 pounds.  When interviewed, defendant admitted that he had been bringing the cannabis from Texas for delivery.  

In March 1999, the trial court heard evidence that defendant agreed to transport the drugs to a truck stop in Bolingbrook, Illinois, where he was to meet his contact.  He was to be paid $50,000.  The State sought an 18-year prison term, pointing out that defendant transported 1.26 million grams more than the 5,000-gram minimum for Class X prosecution.  Defense counsel sought imposition of the minimum prison term.  The trial court sentenced defendant to 16 years in prison, with credit for 140 days served, and ordered him to pay a $3,000 drug assessment fee, a $50 lab fee, and a $2.78 million street-value fine (720 ILCS 550/10.1(b)(2) (West 1998)).

II. ANALYSIS  

Defendant appeals, contending that he is entitled to a $5-per-day credit for the 140 days served, for a total of $700 credit against his fine, pursuant to section 110-14 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-14 (West 1998)). 

The State, however, challenges defendant's right to apply for the credit for the first time on appeal following his negotiated guilty plea.  In support, the State cites 
Linder
, 186 Ill. 2d at 74, 708 N.E.2d at 1172-73, arguing that defendant must move to withdraw his guilty plea as a precondition to seeking appellate review consistent with Rule 604(d) (145 Ill. 2d R. 604(d)).  Since he did not, the State maintains that defendant's appeal must be dismissed, leaving proceedings under the Post-

Conviction Hearing Act (Act) (725 ILCS 5/122-1 through 122-8 (West 1998)) as his only remedy.  

In 
People v. Moore
, 289 Ill. App. 3d 357,  362-65, 681 N.E.2d 1089, 1092-94 (1997), 
vacated in relevant part
, 175 Ill. 2d 545, 688 N.E.2d 308 (1997) (nonprecedential supreme court supervisory order), this court applied procedural forfeiture to sentence credit where (1) the defendant failed to include the issue in his postplea Rule 604(d) motion to reduce sentence and (2) defense counsel explicitly agreed at sentencing to the amount of sentence credit the trial court awarded.  The supreme court vacated that portion of this court's opinion and remanded with directions to grant defendant one day of sentence credit.  Although that order was nonprecedential and supervisory in nature, we decline the State's invitation to revisit that path premised on 
Linder
.  

To gain postconviction relief in proceedings under the Act, a defendant must establish a substantial deprivation of federal or state constitutional rights that has not been, and could not have been, previously adjudicated (
e.g.
, 
People v. Sanchez
, 169 Ill. 2d 472, 480, 662 N.E.2d 1199, 1204 (1996)), a category to which the statutory right to sentence credit has yet to be elevated (see, 
e.g.
, 
People v. Bates
, 179 Ill. App. 3d 705, 709, 534 N.E.2d 1019, 1021 (1989); 
People v. Uran
, 196 Ill. App. 3d 293, 294, 553 N.E.2d 758, 760 (1990)).  

In 
People v. Woodard
, 175 Ill. 2d 435, 455-57, 677 N.E.2d 935, 945-46 (1997), the supreme court held that the express language of section 110-14 of the Code (725 ILCS 5/110-14 (West 1998)) authorizes the $5-per-day credit against the fine imposed and does not limit the benefits of the statute only to persons who apply for it at the trial level.  
Woodard
 involved a direct appeal from a conviction assessing a fine in conjunction with a prison term rather than a negotiated guilty plea.  Nevertheless, in 
Woodard
, the court stated:

"[T]he statutory right to a 
per diem 
credit is conferred in mandatory terms while being subject to a defendant's application.  As such, the 'normal rules' of waiver do not apply [citation], and the right is cognizable on appeal as a matter of course subject to a defendant's application for it."  
Woodard
, 175 Ill. 2d at 457, 677 N.E.2d at 945-46.

Given this unequivocal statement by the court, we conclude that it meant precisely what it said.  The statute confers a mandatory entitlement on defendant, subject only to his application for it.  Section 10.1 of the Cannabis Control Act (720 ILCS 550/10.1(b)(2) (West 1998)), pursuant to which the trial court imposed the street-value fine here, has not been amended to state that such fines are not subject to sentence credit provisions of the Code, as have other statutory provisions (see, 
e.g.
, 725 ILCS 240/10(b), (c); 730 ILCS 5/5-9-1(c) (West 1998)).  See 
People v. Hawkins
, No. 5-97-0811, slip op. at 23-24 (January 26, 2000), ____ Ill. App. 3d ____, ____, ____ N.E.2d ____, ____; see also 
People v. Brown
, 242 Ill. App. 3d 465, 466, 610 N.E.2d 776, 777 (1993).   

We thus conclude that the rules of waiver do not apply.  Defendant is not challenging the propriety or conditions of his conviction or underlying sentence.  He is merely asking that the court grant him a statutory credit to which he is entitled against a properly imposed fine.  We find that defendant is entitled to the credit.

III. CONCLUSION

Accordingly, defendant's conviction is affirmed.  The trial court is directed to amend the judgment order to grant defendant a $700 credit against the $2.78 million street-value fine imposed.

Affirmed; cause remanded with directions.

GARMAN and KNECHT, JJ., concur.