No. 3--99--0787

_________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 2001 

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of the 12th Judicial Circuit,

 ) Will County, Illinois

Plaintiff-Appellee, ) 

 )

v. ) No. 95--CF--3348

 ) 

MARVIN DESPENZA, ) Honorable

                                ) Gerald Kinney

Defendant-Appellant. ) Judge, Presiding

_________________________________________________________________

Modified Upon Denial of Rehearing

JUSTICE LYTTON delivered the opinion of the court:

_________________________________________________________________

The defendant, Marvin Despenza, pled guilty to four counts of aggravated possession of a stolen motor vehicle (625 ILCS 5/4--103.2(a)(3) (West 1998)), eight counts of burglary (720 ILCS 5/19--1(b) (West 1998)), nine counts of possession of a stolen motor vehicle (625 ILCS 5/4--103(b) (West 1998)), and one count of criminal damage to property (720 ILCS 5/21--4(1) (West 1998)).  His 60-month probationary sentence was subsequently revoked for failure to complete a drug treatment program.  The trial court resentenced the defendant to concurrent terms of 12 years for each count of aggravated possession of a stolen motor vehicle, burglary and possession of a stolen motor vehicle.  The court also imposed a concurrent term of five years' imprisonment for criminal damage to property.  The trial court ordered the defendant to pay $1,810 in court costs and instructed the Department of Corrections (Department) to withhold 50% of the defendant's monthly income to pay the costs.  On appeal, the defendant asks this court to: (1) vacate the portion of the court's order directing the Department to withhold 50% of his monthly income; and (2) reduce the 12-year sentences imposed for burglary and possession of a stolen motor vehicle.  For the following reasons, we modify in part, vacate in part, and remand.   

I.

The defendant contends that the trial court lacked the authority to issue an order withholding 50% of his monthly corrections income from the Department to pay his court costs.

The State notes that the defendant did not object to this order at trial or in his post-trial motion.  Therefore, the State claims the issue is waived.  While the defendant did not properly raise the issue, the waiver rule is a limitation on the parties and not the courts.  
People v. Hamilton
, 179 Ill. 2d 319, 688 N.E.2d 1166 (1997); see also 
People v. Scott
, 277 Ill. App. 3d 565, 660 N.E.2d 1316 (1996) (defendant did not waive right to $5-a-day statutory credit even though he failed to raise issue below).  In this case, we will consider the merits of the defendant's argument.

Section 5--9--4 of the Unified Code of Corrections (Code) (730 ILCS 5/5--9--4 (West 1998)) allows a court to enter an order of withholding "to collect the amount of a 
fine
 imposed on an offender." (Emphasis added.) 730 ILCS 5/5--9--4 (West 1998).  A fine is considered a pecuniary punishment imposed in addition to
 
imprisonment upon a person convicted of a crime.  Black's Law Dictionary 569 (5th
 
ed. 1979).  Conversely, costs are defined as the charges or fees taxed by the court, such as filing fees, jury fees, courthouse fees and reporter fees.  Black's Law Dictionary 350 (7th
 ed. 1999).  Here, the trial court entered an order of withholding in the amount of the court costs assessed against the defendant.   Section 5--9--4 permits the court to utilize a withholding order  only to recover fines.  The costs ordered in the present case represented filing fees, sheriff fees and probation costs.   Such costs were not imposed upon the defendant as a pecuniary punishment in addition to imprisonment.  Accordingly, the trial court erred in entering a section 5--9--4 order of withholding to recover those expenses. 

We are compelled to note that even if the trial court had ordered 50% of the defendant wages withheld to recover a fine, the order would not have complied with section 5--9--4.  
Section 5--9--4
 provides that a court may enter an order of withholding to recover 
a fine imposed on a defendant "in accordance with Part 8 of Article XII of the Code of Civil Procedure."  The reference to "Part 8 of Article XII of the Code of Civil Procedure" is the Wage Deduction Act (Act) (735 ILCS 5/12--801 
et
 
seq.
 (West 1998)), which outlines the requirements for entering a wage deduction order.  That Act allows a trial court to enter an order of withholding against a defendant's employer to recover a judgment against a defendant.  735 ILCS 5/12--802 (West 1998).  The order is executed by the defendant's employer and the deducted wages are remitted to the judgment creditor.  735 ILCS 5/12--808 (West 1998).  Pursuant to section 803, the maximum wages subject to collection shall not exceed the lesser of (1) 15% of the debtor's gross weekly wages or (2) the amount by which disposable earnings for a week exceed the total of 45 times the federal minimum hourly wage.  735 ILCS 5/12--803 (West 1998).   

In the present case, the trial court entered 
an order of withholding requiring the Department to withhold 50% of the defendant's compensation.  The trial court's order clearly exceeded the maximum wages subject to collection under section 803. 

We therefore vacate the portion of the trial court's order requiring the Department to withhold 50% of the defendant's wages and remand the cause for further proceedings consistent with the opinions expressed herein.

[The following material is nonpublishable under Supreme Court Rule 23.]

II. 

Next, the defendant argues that the sentences imposed for the Class 2 felonies of burglary and possession of a stolen motor vehicle should be reduced.  The defendant pled guilty to 17 counts of burglary and possession of a stolen motor vehicle.  Those offenses are Class 2 felonies punishable by a regular term of imprisonment of not less than three and not more than seven years.  730 ILCS 5/5--8--1(a)(5) (West 1998).  The State agrees that those sentences should be reduced.  We also agree and reduce the defendant's sentences for burglary and possession of a stolen motor vehicle to concurrent terms of seven years' imprisonment. 

[The preceding material is nonpublishable under Supreme Court Rule 23.]

The judgment of the circuit court of Will County is modified in part, vacated in part, and remanded.

Modified in part, vacated in part, and remanded.

HOLDRIDGE and SLATER, JJ., concur.