THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ERIC D. COLLINS, Defendant-Appellant.

Second District   No. 2—00—1166

Opinion filed March 18, 2002.

G. Joseph Weller and Paul Alexander Rogers, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Robert E. Davison, of DePaepe & Davison, of Springfield, for the People.

JUSTICE GROMETER delivered the opinion of the court:
Pursuant to a negotiated plea agreement, defendant, Eric D. Collins, pleaded guilty to one count of attempted unlawful possession of a controlled substance with intent to deliver (720 ILCS 5/8—4(a), 570/401(c)(2) (West 2000)). The trial court sentenced defendant to four years' probation, subject to various conditions. In addition, the court imposed a $100 street-value fine and a $500 statutory fine. On appeal, defendant argues (1) the cause should be remanded for compliance with Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)) and (2) the fines assessed by the trial court must be vacated. Alternatively, defendant contends that he is entitled to a $5-per-day credit against the fines imposed as part of his sentence. For the reasons that follow, we conclude that defendant has waived his right to appeal but that he is entitled to a monetary credit against his fines.

## I. BACKGROUND
In March 2000, defendant was charged by complaint with various drug offenses. Subsequently, a five-count indictment was handed down against defendant and two other individuals. Defendant was named only in counts II, IV, and V of the indictment. Count II of the indictment alleged that defendant committed the offense of unlawful possession with intent to deliver "more than 1 gram but less than 5 grams" of a substance containing cocaine while within 1,000 feet of a school in violation of section 407(b)(1) of the Illinois Controlled Substances Act (Act) (see 720 ILCS 570/407(b)(1) (West 2000)). Count IV of the indictment charged defendant with unlawful possession with intent to deliver "more than 1 gram but less than 5 grams" of a substance

containing cocaine in violation of section 401(c)(2) of the Act (see 720 ILCS 570/401(c)(2) (West 2000)). Count V of the indictment alleged that defendant committed the offense of unlawful possession of less than 15 grams of a substance containing cocaine in violation of section 402(c) of the Act (720 ILCS 570/402(c) (West 2000)).

Thereafter, defendant entered into an agreement with the State. Under the terms of the agreement, the State would amend count IV of the indictment to charge defendant with attempted unlawful possession with intent to deliver "more than 1 gram but less than 5 grams" of a substance containing cocaine (see 720 ILCS 5/8—4(a), 570/401(c)(2) (West 2000)). In exchange for defendant's plea to count IV as amended, the State would recommend a sentencing cap of 4½ years' imprisonment with eligibility for probation and it would nol-pros the remaining two charges against defendant. At a hearing on May 8, 2000, the trial court admonished defendant pursuant to Supreme Court Rule 402 (177 Ill. 2d R. 402). The parties then recited the factual basis for the plea, and defendant pleaded guilty to count IV as amended.

On June 16, 2000, the matter proceeded to sentencing. Before the trial court had the opportunity to impose sentence, defendant indicated that he wished to withdraw his guilty plea on the basis that trial counsel was ineffective. The court appointed conflict counsel and continued the matter.

On August 8, 2000, defendant filed a motion to withdraw his guilty plea. Defendant's motion alleged that in light of recent case law he had a defense worth presenting to the charges filed against him. Accompanying defendant's motion was a Rule 604(d) certificate from his attorney. See 145 Ill. 2d R. 604(d). On August 15, 2000, defendant argued his motion before the court. Among other things, defendant set forth the factual basis for the defense asserted in his motion. The trial court commented that defendant's written motion did not contain the factual basis as set forth at the hearing. However, the court allowed defendant to orally amend his motion to conform with the argument presented at the hearing and granted him leave to file the amended motion in writing. Nevertheless, the trial court denied defendant's motion.

On August 30, 2000, the trial court sentenced defendant to 4 years' probation, subject to various conditions, including 30 months' periodic imprisonment. In addition, the court assessed a $100 street-value fine and a $500 statutory fine. The trial court then admonished defendant as follows:

"You do have the right to appeal. This is a negotiated plea to the extent that there is a cap that was agreed to in the case. Mr. Col-

lins, if you seek to challenge any aspect of the plea or sentence as a precondition of filing any appeal you have to file with this Court within 30 days of today's date a written motion to have the judgment vacated and leave to withdraw the plea of guilty. You must set forth all grounds in that motion. You won't be allowed to at a later time argue any additional reasons if they are not set forth in the written motion.

If the motion is granted, the judgment would be vacated and the sentence set aside. You would be given your plea back and trial would be set on the charge you pled guilty to. Any charges dismissed as a result of these negotiations would be reinstated. If found guilty after trial you could be resentenced, and that would be up to the maximum told to you at the time of the arraignment.

A copy of the transcript of the proceedings at the time of your plea of guilty and sentencing would be provided to you, and an attorney would be appointed to represent you on the motion.

If you were unsuccessful in the motion [to withdraw the plea of guilty], in order to appeal you must file a written motion with the appeals clerk within 30 days following the denial of that motion."

At a hearing on September 27, 2000, defense counsel asked the court to have the clerk prepare a notice of appeal on defendant's behalf and to appoint the appellate defender to represent defendant on appeal. The court granted both requests, and a notice of appeal was filed the same day.

## II. ANALYSIS

Defendant first urges us to remand this cause to the trial court for compliance with Rule 604(d) because the trial court granted defense counsel's request for a notice of appeal despite the lack of a postsentencing motion. We decline defendant's request for such relief.

At the time of defendant's plea and sentencing, Rule 604(d) provided in pertinent part:

"(d) Appeal by Defendant from a Judgment Entered Upon a Plea of Guilty. No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw his plea of guilty and vacate the judgment. The motion shall be in writing and shall state the grounds therefor." 145 Ill. 2d R. 604(d).

Thus, a defendant must first move to withdraw his guilty plea and vacate the judgment before appealing from a judgment entered upon a plea of guilty. The primary responsibility for compliance with Rule 604(d) lies with defense counsel (*People v. Oliver*, 276 Ill. App. 3d 929,

932 (1995)), and strict compliance with the rule is required (*People v. Dickerson*, 212 Ill. App. 3d 168, 170-71 (1991)). A premature motion filed prior to sentencing does not satisfy Rule 604(d) for purposes of appeal. *People v. Ramage*, 229 Ill. App. 3d 1027, 1031 (1992). In other words, the defendant must file the motion to withdraw his guilty plea and vacate the judgment within 30 days after sentence has been imposed. *Ramage*, 229 Ill. App. 3d at 1031. Moreover, our supreme court has determined that Rule 604(d) is a condition precedent to an appeal from a defendant's plea of guilty. *People v. Foster*, 171 Ill. 2d 469, 471 (1996); *People v. Wilk*, 124 Ill. 2d 93, 105 (1988).

In *People v. Janes*, 158 Ill. 2d 27, 33 (1994), the supreme court held that, with two exceptions, the failure to strictly comply with the provisions of Rule 604(d) requires a remand to the circuit court for the filing of a new motion to withdraw the guilty plea or reconsider the sentence and a new hearing on the motion. The first exception is where a defendant challenging his plea fails to file a motion to withdraw his guilty plea. See *Foster*, 171 Ill. 2d at 471. The second exception is where a defendant, challenging only his sentence, fails to file a motion to reconsider the sentence. See *Foster*, 171 Ill. 2d at 471. In instances where either exception applies, "the appellate court must dismiss the appeal, leaving the Post-Conviction Hearing Act as a defendant's only recourse." *Foster*, 171 Ill. 2d at 471.

In *People v. McKay*, 282 Ill. App. 3d 108 (1996), we interpreted *Wilk* and its progeny to stand for the proposition that a defendant's failure to file a Rule 604(d) motion does not divest the appellate court of jurisdiction to hear a defendant's appeal. *McKay*, 282 Ill. App. 3d at 111. Instead, we found that the *Wilk* line of cases holds that a defendant waives his right to appeal by failing to file a Rule 604(d) motion. *McKay*, 282 Ill. App. 3d at 111. We noted that, if the appellate court truly lacked jurisdiction in cases where a defendant failed to follow the dictates of Rule 604(d), a reviewing court would not be able to entertain appeals from guilty pleas in which a defendant was not properly admonished under Supreme Court Rule 605(b) (145 Ill. 2d R. 605(b)). See *Foster*, 171 Ill. 2d at 473 (holding that, where a trial court has failed to issue Rule 605(b) admonitions, the appellate court may entertain an appeal from a sentence despite defendant's noncompliance with the written-notice requirement of Rule 604(d)).

■ Turning to the case before us, it is clear that defendant's motion to withdraw his guilty plea, filed prior to sentencing, did not satisfy Rule 604(d). Moreover, the trial court properly admonished defendant pursuant to Rule 605(b). Despite these admonitions, defendant did not file a motion to withdraw his guilty plea and vacate judgment after the trial court imposed the sentence. Under these circumstances, we find that defendant has waived his right to appeal.

Defendant, however, claims that the trial court implicitly acquiesced in "defense counsel's evasion of Rule 604(d)." According to defendant, the trial court either erroneously believed that the presentencing motion was sufficient to satisfy Rule 604(d) or it simply forgot about the need for a postsentencing motion. In support of his position, defendant relies on *Ramage*, 229 Ill. App. 3d 1027, and *People v. Radunz*, 180 Ill. App. 3d 734 (1989). We find both cases distinguishable.

In *Ramage*, the defendant pleaded guilty to three counts of child pornography. Prior to the sentencing, the defendant moved to withdraw his pleas. After denying the defendant's motion, the trial court imposed the sentence. Although the trial court advised the defendant of his right to appeal the judgment, the availability of counsel, and the provision of free transcripts, the court did not admonish the defendant to file a new Rule 604(d) motion. The trial court stated, " 'In order to appeal, you must within 30 days file with the Court a written motion asking—no, you don't. You've already done that.' " *Ramage*, 229 Ill. App. 3d at 1029. In *Ramage*, we noted that, although the filing of a Rule 604(d) motion is a condition precedent to an appeal from a plea of guilty, a defendant may be excused from the precise requirements of the rule if he was misled or prevented from complying with the rule by an insufficient admonition pursuant to Rule 605(b). *Ramage*, 229 Ill. App. 3d at 1029. Among other things, Rule 605(b) requires the trial court to inform a defendant that, before appealing from a plea of guilty, he must file a Rule 604(d) motion. In *Ramage*, we concluded that the trial court's comments may have misled the defendant into believing that he did not have to renew his Rule 604(d) motion after sentencing. *Ramage*, 229 Ill. App. 3d at 1031.

In *Radunz*, the defendant did not file a timely motion to withdraw his guilty plea. However, we noted that where the trial court fails to admonish the defendant pursuant to Rule 605(b), the failure to file a timely Rule 604(d) motion will be excused. *Radunz*, 180 Ill. App. 3d at 739. In *Radunz*, we found that the trial court failed to comply with Rule 605(b) because it did not inform the defendant that compliance with Rule 604(d) was necessary to preserve his right to appeal. *Radunz*, 180 Ill. App. 3d at 740.

In *Ramage* and *Radunz* we elected to consider the merits of the defendants' appeals despite the failure to file a timely Rule 604(d) motion. We did so on the basis that the failure to file a Rule 604(d) motion will be excused where the trial court does not properly admonish the defendant pursuant to Rule 605(b). *Ramage*, 229 Ill. App. 3d at 1031; *Radunz*, 180 Ill. App. 3d at 740. Unlike the defendants in *Ramage* and *Radunz*, defendant in the instant case was properly admonished pursuant to Rule 605(b) after he was sentenced. It is clear that,

in providing such admonishments, the trial court was aware of the need to file a Rule 604(d) motion and that it did not believe that the presentencing motion was sufficient to satisfy the requirements of Rule 604(d).

Defendant also points out that in *Radunz* we concluded that, even if the defendant had been properly admonished pursuant to Rule 605(b), the trial court "eliminated any opportunity for [the defendant] to comply with Rule 604(d) by immediately having a notice of appeal filed on his behalf." *Radunz*, 180 Ill. App. 3d at 740. One week after Radunz was sentenced, his attorney presented a motion to withdraw as counsel. The court granted the motion and immediately directed the clerk to file a notice of appeal on the defendant's behalf. Based on these facts, we determined that it would be unfair to penalize the defendant for errors committed by the trial court. *Radunz*, 180 Ill. App. 3d at 740.

Two factors, however, set the instant case apart from *Radunz*. First, the record in the case before us demonstrates that trial counsel, not the trial court, asked to have the clerk prepare a notice of appeal on defendant's behalf. Second, while the notice of appeal in the *Radunz* case was filed only 7 days after the sentence was imposed, defense counsel's request in the instant case was made 28 days after the sentence was imposed. Consequently, we find that defendant has waived his right to appeal.

■ Defendant also argues that the fines assessed by the trial court must be vacated. However, because defendant waived his right to appeal, we find that this issue is not properly before us. Defendant alternatively argues that he is entitled to a $5-per-day credit against the fines imposed as part of his sentence. See 725 ILCS 5/110—14 (West 2000). The State agrees that defendant is entitled to a $5-per-day credit against the fines imposed as part of his sentence.

In *People v. Guerrero*, 311 Ill. App. 3d 968 (2000), the defendant pleaded guilty to possession with intent to deliver more than 5,000 grams of a substance containing cannabis. In exchange, the State agreed to drop other charges pending against the defendant and to recommend a sentencing cap of 18 years' imprisonment. The trial court sentenced the defendant to 16 years in prison, with credit for 140 days served, and ordered him to pay certain fees and fines. On appeal, the defendant argued that he was entitled to a *per diem* credit against his fine for time served. The State argued that the defendant waived his right to appeal the issue because he failed to move to withdraw his guilty plea. Relying on *People v. Woodard*, 175 Ill. 2d 435 (1997), the Fourth District refused to find waiver and ruled that the defendant was entitled to the credit. *Guerrero*, 311 Ill. App. 3d at 970-

71. In so holding, the *Guerrero* court relied on the following language from *Woodard*:

> " '[T]he statutory right to a *per diem* credit is conferred in mandatory terms while being subject to a defendant's application. As such, the "normal rules" of waiver do not apply [citation], and the right is cognizable on appeal as a matter of course subject to a defendant's application for it.' " *Guerrero*, 311 Ill. App. 3d at 970, quoting *Woodard*, 175 Ill. 2d at 457.

Consistent with *Woodard* and *Guerrero*, we are compelled to grant defendant's request for the *per diem* credit despite the fact that he waived his right to appeal. The parties agree that defendant is entitled to a $5-per-day credit for 128 days, or a total of $640. However, section 110—14 provides that the credit shall not exceed the amount of the fine. 725 ILCS 5/110—14 (West 2000). Accordingly, defendant is entitled to a full credit against the $600 in fines assessed by the trial court.

## III. CONCLUSION

Based on the foregoing, we conclude that defendant has waived his right to appeal. Therefore, we affirm the judgment of the circuit court of Lake County. However, we modify defendant's sentencing order to reflect a full credit against his $600 in fines.

Affirmed as modified.

BOWMAN and KAPALA, JJ., concur.