THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ELEANOR FLOWERS, Defendant-Appellant.

Third District   Nos. 3—01—0083 through 3—01—0085 cons.

Opinion filed August 5, 2002.

SLATER, J., specially concurring in part and dissenting in part.

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, for appellant.

Jeff Tomczak, State's Attorney, of Joliet (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE LYTTON delivered the opinion of the court:

After the defendant, Eleanor Flowers, negotiated an agreement that the State would recommend four-year concurrent prison sentences, she pled guilty to a total of seven counts of forgery (720 ILCS 5/17—3(a)(2) (West 1998)) in three consolidated cases. At the guilty plea hearing, the trial judge did not admonish her that she could be ordered to pay restitution. The judge did not concur in the plea agreement and instead sentenced defendant to concurrent five-year terms of imprisonment. She also was ordered to pay restitution and court costs. The court authorized the Department of Corrections (DOC) to withhold 50% of her prison income to pay restitution and costs. The defendant filed an untimely motion to reconsider sentence in which she argued that she should have received four-year rather than five-year prison sentences. The motion was denied, and the defendant appealed.

In this appeal, the State argues that, under *People v. Wilk*, 124 Ill. 2d 93, 529 N.E.2d 218 (1988), this court lacks jurisdiction to hear the

defendant's appeal because she failed to comply with Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)). The defendant argues that (1) this court has jurisdiction to hear her appeal, (2) the restitution order must be vacated because the trial court failed to admonish her concerning restitution, and (3) the trial court lacked statutory authority to order that 50% of her prison income be withheld to pay for court costs. We find that we have jurisdiction in this case and vacate those parts of the order that require defendant to pay restitution and the DOC to withhold 50% of the defendant's income, but otherwise affirm.

## BACKGROUND

On April 5, 1999, the defendant negotiated a guilty plea in which the State would recommend that she serve four-year concurrent prison sentences. Prior to accepting her plea, the judge told the defendant that he would not be bound by the State's recommendation in his sentencing decision. The court admonished her that she could receive a maximum of three consecutive sentences of 10 years' imprisonment, up to a $25,000 fine in each case, and one year of mandatory release in each case. The judge advised her that the minimum penalty she could receive would be no jail time, a judgment for court costs, and three sentences of conditional discharge. The court did not admonish the defendant that she could be ordered to pay restitution.

The defendant was sentenced on July 14, 1999, to concurrent five-year prison terms. She was ordered to pay restitution and court costs. The court ordered the DOC to withhold 50% of her monthly prison income to pay for restitution and costs.

On October 7, 1999, the defendant filed a *pro se* postconviction petition. Her counsel filed a motion to reconsider on November 28, 2000, while her postconviction petition was still pending. In her motion to reconsider, the defendant argued that she would not have entered into a plea agreement if she had known that she would receive five-year rather than four-year concurrent sentences. The court denied her motion. On November 30, 2000, the defendant withdrew her postconviction petition.

On December 29, 2000, the defendant filed a *pro se* notice of appeal, stating that she was appealing from "denial of [her] Post Conviction petition." Her attorney filed a Rule 604(d) certificate on January 26, 2001. On January 29, 2001, the defendant filed a notice of appeal from denial of her "Motion to Reconsider—Post Conviction Petition." Because the defendant had withdrawn her postconviction petition prior to filing either notice of appeal, we consider her appeal to be from the trial court's denial of her motion to reconsider sentence.

# ANALYSIS

## I. Jurisdiction

The State argues that, under *Wilk*, we lack jurisdiction to consider the defendant's appeal because she did not comply with Rule 604(d) by (1) filing a motion to reconsider sentence when she should have filed a motion to withdraw her guilty plea, and (2) filing an untimely motion to reconsider.

■ The requirements for appealing from a judgment entered on a guilty plea are set forth in Supreme Court Rule 604(d). 188 Ill. 2d R. 604(d). The rule states:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment. No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment. For purposes of this rule, a negotiated plea of guilty is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending. *** Upon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived." 188 Ill. 2d R. 604(d).

In *Wilk*, 124 Ill. 2d 93, 529 N.E.2d 218, the Illinois Supreme Court emphasized that filing a Rule 604(d) motion is a condition precedent to an appeal from a guilty plea. In *Wilk* and its progeny, our supreme court has ruled that, with limited exceptions, where a defendant fails to comply with the requirements of Rule 604(d), an appellate court must dismiss the appeal. See, *e.g.*, *People v. Foster*, 171 Ill. 2d 469, 665 N.E.2d 823 (1996); *People v. Jamison*, 181 Ill. 2d 24, 690 N.E.2d 995 (1998); *People v. Linder*, 186 Ill. 2d 67, 708 N.E.2d 1169 (1999).

## A. Form of the Motion

The State argues that to perfect her appeal, the defendant should have filed a motion to withdraw the guilty plea rather than a motion to reconsider sentence.

In *Wilk*, the Illinois Supreme Court emphasized that Rule 402 (177 Ill. 2d R. 402), which governs the acceptance of guilty pleas, and Rule 604(d) are to be read together when considering appeals from

guilty pleas. Under Rule 402(d)(2), the trial judge may concur or may conditionally concur in the tentative plea agreement before accepting the plea. Under Rule 402(d)(3), the judge may decline to concur in the plea agreement.

In *People v. Evans*, 174 Ill. 2d 320, 673 N.E.2d 244 (1996), the Illinois Supreme Court observed that negotiated guilty pleas are governed to a certain extent by contract theory. The *Evans* court reasoned that in a fully negotiated plea, the defendant's covenant is to plead guilty in exchange for the prosecutor's covenant to recommend a specific sentence to the judge.

■ If the plea is fully negotiated and the judge imposes the sentence agreed upon in negotiation, the defendant must file a motion to vacate the judgment and withdraw the plea. *Evans*, 174 Ill. 2d 320, 673 N.E.2d 244. If the plea is negotiated as to the conviction, but the State is to recommend a sentencing cap rather than a specific sentence, the defendant must file a motion to vacate the judgment and withdraw the plea if the judge sentences the defendant within the cap. *Linder*, 186 Ill. 2d 67, 708 N.E.2d 1169.

■ According to *Evans* and *Linder*, a defendant is required to file a motion to withdraw the plea if the judge sentences the defendant within the covenants of the defendant's contract with the State. The converse of the *Evans* and *Linder* proposition is that a defendant is not required to file a motion to withdraw the plea if the judge does not sentence the defendant within the covenants of the contract. In this case, the judge did not sentence the defendant within the terms of the agreement. Therefore, the defendant was not required to file a motion to withdraw the plea, but instead could file a motion to reconsider the sentence in compliance with Rule 604(d).

### B. Timeliness

The State contends that we lack jurisdiction to consider this appeal under *Wilk* because the defendant's motion was untimely. *Wilk* and its progeny state that failure to strictly comply with the rule requires dismissal by the appellate court. According to this court's research, however, our supreme court has not stated that failure to comply with Rule 604(d) requires dismissal for lack of jurisdiction.

●4 Jurisdiction refers to the authority of a court to take cognizance of a matter, to make a decision, and to exercise its power. *People v. McKay*, 282 Ill. App. 3d 108, 668 N.E.2d 580 (1996); *In re W.M.*, 328 Ill. App. 3d 974 (2002). If Rule 604(d) affected appellate jurisdiction, noncompliance would require automatic dismissal for lack of authority to consider the matter. Our supreme court, however, has recognized exceptions to strict compliance with Rule 604(d).

In *Foster*, 171 Ill. 2d 469, 665 N.E.2d 823, our supreme court found an exception to automatic dismissal under Rule 604(d) when the defendant failed to file a written motion to withdraw his guilty plea, but the trial court had failed to admonish the defendant under Rule 605(b) (145 Ill. 2d R. 605(b)). In *People v. Janes*, 158 Ill. 2d 27, 630 N.E.2d 790 (1994), the Illinois Supreme Court reversed and remanded to allow the defendant to file a new motion to withdraw his guilty plea where the defendant's attorney did not comply with the rule's certification provisions. In *McKay*, the appellate court reasoned that if failure to strictly comply with Rule 604(d) were jurisdictional, the Illinois Supreme Court would have been required to dismiss in *Foster* and *Janes* for lack of appellate jurisdiction. The *McKay* court inferred that failure to comply with Rule 604(d) results in waiver of the defendant's right to appeal.

The Second District recently affirmed its holding in *McKay* in *People v. Collins*, 328 Ill. App. 3d 366, 766 N.E.2d 323 (2002), finding that failure to comply with Rule 604(d) results in waiver of the right to appeal rather than dismissal for lack of appellate jurisdiction. Nevertheless, the *Collins* court felt "compelled" to modify defendant's sentence to reflect a "mandatory" *per diem* credit against his fines. *Collins*, 328 Ill. App. 3d at 373, 766 N.E.2d at 329.

■ Recently, in *People v. Belcher*, 199 Ill. 2d 378 (2002), our supreme court reversed and remanded an appeal despite the State's objection that the defendant failed to file a timely motion to withdraw his guilty plea. Prior to pleading guilty, the defendant in *Belcher* asserted an insanity defense. A court-appointed psychiatrist testified that under the current version of the insanity defense statute, he found the defendant sane. Under the previous wording of the statute, however, he would have found the defendant insane. Belcher then pled guilty to first degree murder. The court accepted the defendant's plea and sentenced him to 60 years' imprisonment.

During the pendency of Belcher's appeal, the Illinois Supreme Court held unconstitutional the public act that enacted the version of the insanity defense statute in effect at the time he asserted his insanity defense. Our supreme court held that, because the facts were different from what was known by defendant at the time of his guilty plea, the ends of justice would be better served by permitting the defendant to withdraw his guilty plea rather than to require strict compliance with Rule 604(d). *People v. Belcher*, 199 Ill. 2d at 382.

After *Belcher*, there can be no doubt that failure to comply with Rule 604(d) does not result in a lack of appellate jurisdiction. If violations of Rule 604(d) were jurisdictional, the court would have been

required to dismiss the appeal in *Belcher* for lack of jurisdiction.[1] Thus, we hold that we are not required by *Wilk* to dismiss defendant's appeal on jurisdictional grounds.

Furthermore, because of the specific facts and circumstances of the present case, we reach the merits of the defendant's case under the exception announced in *Belcher*.[2] The ends of justice would be better served by addressing the unauthorized aspects of the defendant's sentence rather than by dismissing her appeal for failure to strictly comply with Rule 604(d).

## II. Restitution

The defendant argues that because she was not properly admonished, the trial court's sentence ordering her to pay restitution was unconstitutional and thus unauthorized.

■ When a defendant pleads guilty, he is to be admonished of the possible maximum and minimum sentences to make sure he makes a voluntary and intelligent decision by understanding all the possible consequences of that decision. *People v. Price*, 196 Ill. App. 3d 321, 325-26, 553 N.E.2d 760, 763 (1990). A guilty plea that is not voluntarily made violates due process and is reversible error. *People v. Kidd*, 129 Ill. 2d 432, 443, 544 N.E.2d 704, 708 (1989).

■ When ordered by the trial court, restitution "becomes an operative part of the '[m]aximum sentence prescribed by law ***' within the language of Supreme Court Rule 402(a)(2)." *People v. Culp*, 127 Ill. App. 3d 916, 925, 468 N.E.2d 1328, 1334 (1984), quoting 87 Ill. 2d R. 402. Therefore, the trial court was required as a matter of fundamental fairness (*People v. Wenger*, 42 Ill. App. 3d 608, 611, 356 N.E.2d 432, 434, (1976)) to admonish defendant that her sentence could include restitution. The trial court, however, failed to admonish her and subsequently ordered her to pay restitution as a part of her sentence.

Here, as in *Belcher*, the facts required to make a voluntary and intelligent decision were different from what defendant knew them to be. As a result, defendant's guilty plea was involuntarily made and her

---

[1]We believe that appellate court cases decided before *Belcher*, which ruled that failure to comply with Rule 604(d) results in lack of jurisdiction, are no longer persuasive and, in light of *Belcher*, must be rejected. See *People v. McGee*, 314 Ill. App. 3d 1037, 733 N.E.2d 900 (3d Dist. 2000); *People v. Clark*, 276 Ill. App. 3d 1002, 659 N.E.2d 421 (4th Dist. 1995); *People v. Castillo*, 243 Ill. App. 3d 818, 612 N.E.2d 533 (2d Dist. 1993).

[2]Because we decide this cause under the exceptions standard announced in *Belcher*, we need not determine whether waiver should be applied under *McKay*.

right to due process was violated. Therefore, we vacate that portion of the defendant's sentence ordering her to pay restitution. See *People v. Jenkins*, 141 Ill. App. 3d 602, 490 N.E.2d 953 (1986).

## III. 50% Withholding

■ The defendant argues that the trial court lacked authority to order the DOC to withhold 50% of her prison income to pay for restitution and court costs. Because we have already vacated that part of the judgment concerning restitution, we need address only the 50% withholding for payment of court costs.

A court's order that the DOC withhold 50% of a defendant's prison wages for court costs is unauthorized by statute and is, therefore, void. *People v. Despenza*, 318 Ill. App. 3d 1155, 744 N.E.2d 912 (2001). Challenges to void judgments may be raised at any time. *People v. Simmons*, 256 Ill. App. 3d 651, 628 N.E.2d 759 (1993).

In this case, the court's order that the DOC withhold 50% of the defendant's prison income to pay court costs was unauthorized by statute. We vacate that portion of the defendant's judgment ordering the DOC to withhold 50% of her income to pay for court costs.

## CONCLUSION

Those portions of the defendant's sentence ordering her to pay restitution and ordering the DOC to withhold 50% of her income to pay for court costs are vacated. We otherwise affirm the judgment of the Will County circuit court.

Affirmed in part and vacated in part.

HOMER, J., concurs.

JUSTICE SLATER, specially concurring in part and dissenting in part:

I agree that failure to comply with Supreme Court Rule 604(d) does not affect this court's jurisdiction over defendant's appeal. As noted in *McKay*, "*Wilk* and its progeny *** withdraw from an appellate court not jurisdiction, but rather the decision whether waiver should bar the appeal of a defendant who has not filed a Rule 604(d) motion." *McKay*, 282 Ill. App. 3d at 111, 668 N.E.2d at 583. I also do not disagree with the majority's ruling vacating the withholding order, as it is arguably void and therefore subject to challenge at any time. See *Despenza*, 318 Ill. App. 3d 1155, 744 N.E.2d 912.

I strongly object, however, to the majority's decision to consider the merits of the restitution issue. The majority does so "under the exception announced in *Belcher*." 333 Ill. App. 3d at 66. Although not

explicitly stated, the *"Belcher* exception" relied on by the majority appears to be as follows: a defendant's failure to comply with Rule 604(d) will be excused whenever the "ends of justice would be better served" (333 Ill. App. 3d at 66) by considering the merits of defendant's appeal rather than dismissing it. This exception applies despite the fact that defendant did not file a motion to reconsider her sentence until more than 16 months after sentencing. Moreover, the exception applies even though the defendant still did not raise the restitution issue in that very untimely motion. According to the majority, the *"Belcher* exception" is very broad. So broad, in fact, that I submit with this decision *Wilk* has essentially been overruled. After all, if the "ends of justice" require ignoring Rule 604(d) to prevent the imposition of a $5,446 restitution order, it is difficult to imagine a scenario where dismissal of a defendant's appeal *would* be warranted.

Given this rather revolutionary change in the law regarding Rule 604(d), one might ask what reason the supreme court gave for abandoning *Wilk* and its progeny. Oddly, the court gave none. Instead it stated: "While it is true this court does not approve of any failure to comply strictly with the explicitly stated requirements of Rule 604(d) (*People v. Wilk*, 124 Ill. 2d 93, 103 (1988)), *the unusual and fact-specific circumstances found in this case* lead us to believe that the ends of justice will be better served by permitting defendant leave to file a motion to withdraw his guilty plea in the trial court." (Emphasis added.) *Belcher*, 199 Ill. 2d at 382. The "unusual and fact-specific circumstances" in *Belcher* were that the defendant received a 60-year sentence upon pleading guilty to first degree murder after a court-appointed psychiatrist opined that defendant was sane under the amended insanity statute. At defendant's sentencing hearing, the psychiatrist testified that he would have found the defendant insane under the prior version of the statute. The amended statute was subsequently ruled unconstitutional in *Johnson v. Edgar*, 176 Ill. 2d 499, 680 N.E.2d 1372 (1997), and defendant sought to withdraw his guilty plea. It was against this extraordinary backdrop that the *Belcher* court excused strict compliance with Rule 604(d).

Clearly, the *Belcher* court did not intend to create a general "in the interest of justice" exception to Rule 604(d). The majority's expansive interpretation of *Belcher* would bring us full circle to the pre-*Wilk* days when Rule 604(d) was largely ignored. I suggest that our supreme court has not yet abandoned what it said in *Wilk*:

> "[T]here is a general perception in our criminal justice system *** that a complete relaxation of Rule 604(d) is acceptable in this State. We hold today that it is not.
>
> At the risk of stating the obvious, it should be pointed out that

the rules adopted by this court concerning criminal defendants and guilty pleas are in fact rules of procedure and not suggestions. It is incumbent upon counsel and courts alike to follow them. Rules 402, 604(d) and 605(b), which concern guilty pleas, are meant to mesh together not only to ensure that defendants' constitutional rights are protected, but also to avoid abuses by defendants. *** These rules are not written in a vacuum and they represent our best efforts at ordering the complex and delicate process of plea bargains and guilty pleas." *Wilk*, 124 Ill. 2d at 103-04, 529 N.E.2d at 221.

Because the defendant did not comply with Rule 604(d), I would dismiss her appeal.