THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT CROWDER, Defendant-Appellant.

Fourth District No. 4—03—0659

Opinion filed September 15, 2004.

Daniel D. Yuhas and Nancy L. Vincent, both of State Appellate Defender's Office, of Springfield, for appellant.

John P. Schmidt, State's Attorney, of Springfield (Norbert J. Goetten and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

On September 4, 2001, defendant, Robert Crowder, pleaded guilty to aggravated vehicular hijacking and armed robbery (720 ILCS 5/18—4(a)(3), 18—2 (West 2000)), in exchange for dismissal of another charge. Although defense counsel stated "there is no agreement as to sentence," the prosecutor, when later asked by the trial court if the sentences would run concurrently, responded, "[t]hat is correct, Your Honor."

On October 15, 2001, prior to the sentencing hearing, defense counsel filed a motion to withdraw the plea, contending defendant did not understand the plea and was innocent of the charges. On November 26, 2001, at the sentencing hearing, the trial court initially addressed the motion to withdraw the plea and denied it. The court then sentenced defendant to concurrent 15-year prison terms. Defense counsel filed a Supreme Court Rule 604(d) certificate (188 Ill. 2d R. 604(d)) the same day.

Although a timely motion to reconsider sentence was filed, the motion was not heard by the trial court before a notice of appeal, prepared by the circuit clerk, was filed with this court. On motion of the appellate defender, we dismissed the premature appeal and remanded for a hearing on the pending postjudgment motion. *People v. Crowder*, No. 4—02—0445 (November 6, 2002) (order allowing appellant's motion and dismissing appeal). After remand, the court denied the motion to reduce sentence, and defendant appeals anew.

On appeal, defendant contends the case must be remanded once again because the trial court failed to properly admonish him under either Supreme Court Rule 605(b) or (c) (210 Ill. 2d Rs. 605(b), (c)) at the conclusion of the initial sentencing hearing and defense counsel failed to satisfy the requirements of Rule 604(d) by failing to file a new Rule 604(d) certificate in conjunction with the motion to reduce sentence. The State concedes the errors, and we agree.

After sentencing defendant and having previously denied his motion to withdraw the plea, the trial court's only admonishment to defendant was that he had 30 days to appeal either or both those decisions. When defense counsel interjected that he intended to file a motion to reduce sentence, the trial court merely acknowledged this possibility but did not offer defendant any further admonishments concerning the nature of the postjudgment motion he was required to file and the ramifications on appellate review of failing to file an appropriate motion or the consequences of the court granting such a motion.

Initially, defendant argues the record is ambiguous as to whether

this was a negotiated plea, to which Rule 605(c) admonishments would apply, or a nonnegotiated plea agreement, in which case Rule 605(b) controls. Defendant contrasts defense counsel's statement that there was no agreement as to sentence with the prosecutor's later affirmative response to the court's question of whether the sentences would run concurrently, contending that the latter statement might be construed as a partially negotiated plea. We need not decide this issue, however, because in either case, the admonishments were insufficient.

Trial courts must strictly comply with the admonition requirements of Rule 605. *People v. Taylor*, 345 Ill. App. 3d 1064, 1083, 804 N.E.2d 116, 130 (2004). Defendants who receive inadequate admonishments are prejudiced in several ways because they risk forfeiting the right to raise sentencing issues on appeal. *People v. Bagnell*, 348 Ill. App. 3d 322, 327, 809 N.E.2d 753, 757 (2004). Likewise, in the case of a negotiated plea, no issues regarding the propriety of the plea are preserved if the defendant fails to renew the motion to withdraw the plea after being sentenced. *People v. Collins*, 328 Ill. App. 3d 366, 370-71, 766 N.E.2d 323, 326-28 (2002); *People v. Ramage*, 229 Ill. App. 3d 1027, 1029-31, 595 N.E.2d 222, 223-25 (1992).

The remedy for this error is to remand with instructions that the court properly admonish the defendant and allow him the opportunity to file an appropriate postjudgment motion. *Taylor*, 345 Ill. App. 3d at 1083, 804 N.E.2d at 131. At that time, the parties can explore the question of whether the issue of concurrent sentences was, in fact, negotiated as part of the plea agreement. See *People v. Economy*, 291 Ill. App. 3d 212, 216, 683 N.E.2d 919, 922-23 (1997) (agreement to seek concurrent rather than consecutive sentences is a negotiated guilty plea).

Accordingly, the cause is remanded to the trial court for further proceedings.

Remanded with directions.

STEIGMANN and APPLETON, JJ., concur.