THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEVEN L. ROOT, Defendant-Appellant.

Second District   No. 2—90—1300

Opinion filed September 10, 1992.

G. Joseph Weller and Patrick M. Carmody, both of State Appellate Defender's Office, of Elgin, for appellant.

Roger T. Russell, State's Attorney, of Belvidere, and William Hall, of Chicago (William L. Browers and John X. Breslin, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DUNN delivered the opinion of the court:

On December 9, 1988, defendant, Steven Root, was charged by information with one count of deceptive practices (Ill. Rev. Stat. 1991, ch. 38, par. 17—1(B)(d)). A second information was filed on June 9, 1989, which charged defendant with two additional counts of deceptive practices. (Ill. Rev. Stat. 1991, ch. 38, par. 17—1(B)(d).) Defendant pleaded guilty to all three counts on May 4, 1990. The trial court imposed concurrent sentences of two years' imprisonment on each count. On appeal, defendant contends his sentence is excessive.

However, before addressing the issue raised by defendant, we must first determine whether we have jurisdiction over this appeal. Although defendant appeals the propriety of the sentence imposed upon his guilty plea, he failed to file a motion in the trial court seeking reconsideration of that sentence. Defendant contends the trial court failed to properly admonish him of the necessity of filing a motion to reconsider before appealing the propriety of his sentence and, therefore, we have jurisdiction to hear his appeal. We disagree.

■ In *People v. Wilk* (1988), 124 Ill. 2d 93, our supreme court expanded Rule 604(d) (134 Ill. 2d R. 604(d)) by holding that when a defendant complains only of his sentence, it is sufficient to file a motion for reconsideration, rather than a Rule 604(d) motion to withdraw the guilty plea, in order to appeal from the sentence. (*Wilk*, 124 Ill. 2d at 109-10.) The court's holding in *People v. Wallace* (1991), 143 Ill. 2d 59, clarified *Wilk* by holding that the filing of a motion to reconsider sentence is a "prerequisite" to an appeal from a sentence imposed upon a plea of guilty. *People v. Wallace*, 143 Ill. 2d at 61.

The purpose of a motion to reconsider a sentence is to allow the trial court an opportunity to review the appropriateness of the sentence imposed and correct any errors made. (*Wallace*, 143 Ill. 2d at 61.) This is also the purpose behind Rule 604(d). Rule 604(d) was designed to eliminate needless trips to the appellate court and to give

the trial court an opportunity to consider any alleged errors. (*Wilk*, 124 Ill. 2d at 106.) However, if a defendant is only appealing his sentence, it is no longer necessary that a defendant ask for leave to withdraw the guilty plea itself. (*Wallace*, 143 Ill. 2d at 61.) Thus, following this rationale, this court has found that any issue not raised in a motion to reconsider the sentence is waived on appeal. *People v. Bronson* (1991), 216 Ill. App. 3d 839, 842; *People v. Carroll* (1990), 195 Ill. App. 3d 445, 446-47; *People v. Favelli* (1988), 176 Ill. App. 3d 618, 622-23.

Defendant argues he should have been admonished of the necessity of filing a motion to reconsider before an appeal could be taken with regard to his sentence. Defendant failed to cite authority supporting his position, nor have we discovered any authority which requires the court to admonish a defendant in this manner. Supreme Court Rule 605(b) (134 Ill. 2d R. 605(b)) requires only that a trial court admonish a defendant of his right to appeal and the necessity of filing a motion to vacate judgment and withdraw his plea of guilty before an appeal may be taken. It does not require the trial court to admonish a defendant of the necessity of filing a motion to reconsider should that defendant decide to appeal his sentence only.

■ Defendant in this case was properly admonished under Rule 605(b), but failed to file a motion to withdraw his plea of guilty or a motion to reconsider his sentence. Accordingly, we do not have the jurisdiction to consider the propriety of defendant's sentence. This does not leave defendant without a remedy. A defendant who is aggrieved by the failure of his counsel to preserve properly an issue for appeal may, in proper circumstances, have an alternative remedy by way of a post-conviction hearing. *People v. Wilk*, 124 Ill. 2d at 108-09.

Because we lack the jurisdiction to hear the instant appeal, it must be dismissed.

Appeal dismissed.

GEIGER and BOWMAN, JJ., concur.