THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JOEL CASTILLO, Defendant-Appellant.

Second District   No. 2—92—0319

Opinion filed April 13, 1993.

G. Joseph Weller, of State Appellate Defender's Office, and Anne S.
Quincy, both of Elgin, for appellant.

David R. Akemann, State's Attorney, of Geneva (William L. Browers
and Lisa Anne Hoffman, both of State's Attorneys Appellate Prosecutor's
Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Joel Castillo, pleaded guilty to the offense of unlaw-
ful delivery of more than 100 grams of cocaine (Ill. Rev. Stat. 1991,
ch. 56½, par. 1401(a)(2)(B)) in exchange for the dismissal of two re-
maining counts of a grand jury's indictment, as well as a separate
charge of unlawful delivery of a controlled substance. Defendant
was sentenced to a 10-year term of imprisonment and fined $9,000
in the circuit court of Kane County. The defendant filed a *pro se*
notice of appeal and requests that the cause be remanded to the

trial court to allow defendant to file a motion to withdraw his guilty plea because the trial court failed to properly admonish him in accordance with Supreme Court Rule 605(b) (134 Ill. 2d R. 605(b)). We remand.

On September 3, 1991, the grand jury of Kane County returned a three-count indictment against the defendant, charging him with two counts of unlawful delivery of a controlled substance and a single count of unlawful possession of a controlled substance without a controlled substances tax stamp. Specifically, it was alleged that on August 22, 1991, the defendant made a delivery of more than 15 grams of cocaine, a Class X felony, that the defendant made another delivery of more than 100 grams of cocaine, also a Class X felony, and that the defendant possessed more than five grams of cocaine without a controlled substances tax stamp, a Class 4 felony.

The defendant was represented by private counsel throughout the proceedings. A trial date was set for February 10, 1992. However, on that day, the parties announced their intention to enter into a negotiated plea of guilty. In exchange for the defendant's plea of guilty to the Class X felony of unlawful delivery of more than 100 grams of cocaine, the prosecutor would dismiss the remaining two counts of the indictment, as well as a separate charge of unlawful delivery of a controlled substance. The parties agreed that the defendant would receive a sentence of 10 years' imprisonment and would be fined $9,000.

The trial judge inquired of the defendant as to the voluntary nature of his plea and then asked for a factual basis. The prosecutor stated that, if called to testify, undercover narcotics investigator Mike Barnes would state that he received a substance from the defendant on August 22, 1991, which, when analyzed by a forensic chemist, was determined to be cocaine. The defendant acknowledged the facts which would be proved at trial.

The trial judge accepted the negotiated plea and then gave the defendant the following admonitions regarding his right of appeal:

"Now, Mr. Castillo, since this is a voluntary plea on your part, should you wish to change your mind, you have 30 days from today's date in which to file a petition to ask for leave to withdraw your plea of guilty. If you do file such a petition, it will be set down before me for a hearing. If I grant you leave to withdraw your plea of guilty, then you're right back to where you were when you walked in here this morning. All the charges that are being dismissed, as well as the other case, will be reinstated. All the rights you gave up are given

back to you. Then we go to trial on both cases. If I deny you leave to withdraw your plea of guilty, then you have a right to appeal, and you can do that by filing a notice of appeal within [30] days thereafter. If you need an attorney and can't afford one, one will be appointed for you. If you need a copy of today's report of proceedings and can't afford it, one will be given to you."

Defendant was sentenced to 10 years' incarceration and a $9,000 fine.

The defendant's *pro se* notice of appeal was filed on March 12, 1992. The office of the State Appellate Defender was appointed to represent the defendant on appeal on March 16, 1992, and on April 20, 1992, this court granted defendant's motion to treat the notice of appeal as timely filed.

Defendant contends that the trial court did not properly admonish him with respect to the requirement that he file a motion to withdraw prior to appeal in accordance with Supreme Court Rule 605(b). On this basis, he asserts, he should be excused for not filing a motion asking to have the judgment vacated and for leave to withdraw his plea. Defendant requests that this matter be remanded to the trial court in order to allow him to file a Rule 604(d) motion, that is, a motion to have the judgment vacated and for leave to withdraw his guilty plea.

■ Supreme Court Rule 604(d) states in relevant part:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment. The motion shall be in writing and shall state the grounds therefor. *** Upon appeal any issue not raised by the defendant in the motion to withdraw the plea of guilty and vacate the judgment shall be deemed waived." (134 Ill. 2d R. 604(d).)

Rule 604(d) sets out a condition precedent to an appeal from a defendant's plea of guilty. (*People v. Stacey* (1977), 68 Ill. 2d 261, 267; *People v. Radunz* (1989), 180 Ill. App. 3d 734, 739.) The purpose of Rule 604(d) is to ensure that, before an appeal is taken from a guilty plea, the trial judge who accepted the plea and sentenced the defendant is given an opportunity to hear and correct any improprieties that may have occurred outside the official record. (*People v. Wilk* (1988), 124 Ill. 2d 93, 104; *Radunz*, 180 Ill. App. 3d at 739.) If a defendant fails to file a Rule 604(d) motion, a

jurisdictional defect exists which precludes the appellate court from reviewing a judgment entered on a guilty plea. *Radunz*, 180 Ill. App. 3d at 739; *People v. Potts* (1985), 136 Ill. App. 3d 1059, 1061.

Supreme Court Rule 605(b), in essence, requires the trial court to advise a defendant of the requirements for appeal from a guilty plea which are set out in Rule 604(d). Rule 605(b) states in relevant part:

"In all cases in which a judgment is entered upon a plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:

(1) that he has a right to appeal;

(2) that prior to taking an appeal he must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw his plea of guilty, setting forth his grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a party of a plea agreement will be reinstated and will also be set for trial;

(5) that if he is indigent, a copy of the transcript of the proceedings at the time of his plea of guilty and sentence will be provided without cost to him and counsel will be appointed to assist him with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw his plea of guilty shall be deemed waived." (134 Ill. 2d R. 605(b).)

A failure to file a timely Rule 604(d) motion is excused if the trial court fails to properly admonish the defendant pursuant to Rule 605(b). *Radunz*, 180 Ill. App. 3d at 739; *Potts*, 136 Ill. App. 3d at 1061.

■ In the instant case, defendant did not file a timely motion to vacate his guilty plea. While defendant contends his failure to file should be excused and the cause remanded because proper Rule 605(b) admonitions were not given, the State maintains that the defendant received sufficient Rule 605(b) admonitions from the trial court. The State asserts that while the trial court did not recite the language of Rule 605(b) to the defendant, the defendant was sufficiently advised that a motion to withdraw was a prerequisite to ap-

peal. We do not agree. We find that the trial court did not advise defendant that prior to his appeal he *"must* file in the trial court \*\*\* a written motion asking to have the judgment vacated and for leave to withdraw his plea of guilty, setting forth his grounds for the motion." (Emphasis added.) (134 Ill. 2d R. 605(b)(2).) The fact that a Rule 604(d) motion must be filed in order to appeal was not substantially communicated. (See *People v. Ahlstrand* (1983), 113 Ill. App. 3d 363, 366.) Furthermore, the trial court did not state that defendant must set forth in the motion itself his grounds for wishing to withdraw his guilty plea. Thus, we determine that the trial court did not substantially admonish defendant in accordance with Rule 605(b). On this basis, we determine that defendant is excused from not complying with Rule 604(d) (*Radunz*, 180 Ill. App. 3d at 740) and remand, so that defendant may be properly admonished and may file a motion to withdraw his guilty plea with the trial court. In addition, we note that an admonition with respect to the fact that any issue not raised in the motion shall be waived on appeal was not included in the trial court's statement. However, that is not at issue in this case. Nevertheless, it is the trial court's duty to substantially admonish the defendant of all subsections of Rule 605(b). We note with favor the Rule 605(b) admonishments in *People v. Favelli* (1988), 176 Ill. App. 3d 618, 621. These are clear and adequately address all subsections of the rule. Although the standard is that the trial court must *substantially* admonish defendant in accordance with Rule 605(b), thus not requiring *recitation* of the rule, deviation from the language of the rule may result in non-compliance with Rule 605(b).

On the basis of the reasoning herein set forth, we remand for further proceedings in accordance with this opinion.

Remanded.

INGLIS, P.J., and McLAREN, J., concur.