THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DANIEL J. FELTES, Defendant-Appellant.

Third District    Nos. 3—93—0059 through 3—93—0061 cons.

Opinion filed February 25, 1994.

Pignatelli & Pignatelli, of Rock Falls (Louis F. Pignatelli, of counsel), for appellant.

Gary L. Spencer, State's Attorney, of Morrison (John X. Breslin and J. Paul Hoffmann, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Daniel Feltes, pled guilty to one count each of reckless conduct, reckless driving, and driving too fast for conditions. On the driving too fast for conditions charge, the defendant was fined $500. On the other two charges, he was sentenced to two years' probation, six months in jail, and fined $500. The defendant timely filed a motion for modification of sentence, but did not file a motion to withdraw guilty plea. Five months after the date of sentencing the defendant filed a "Motion to Vacate Judgment of Conviction." The court found that motion to be tantamount to an untimely motion to withdraw guilty plea and dismissed it. The court then held a hearing

on the motion for modification of sentence and denied the motion. The defendant now appeals, raising issues regarding his sentence and his motion to vacate. We dismiss in part and affirm in part.

The pertinent facts regarding the accident are gleaned from the bystander's reports of the sentencing hearing. The circumstances out of which the charges arose occurred on December 2, 1991. On that date, two Whiteside County sheriff's deputies, Dennis Schantz and Ronald Pilgrim, investigated an accident near the intersection of Riverdale and Prophet Roads in Rock Falls, Illinois. The accident resulted in the death of a child, Joshua Nailor. Schantz and Pilgrim observed tire tracks that they believed to have been made by the defendant's vehicle in the snow near where the accident took place. The tire tracks did not deviate from the roadway at the place where the child was alleged to have been killed. Schantz believed the speed of the defendant's vehicle to have been approximately 30 miles per hour. Schantz's observations indicated that, after the defendant's vehicle proceeded through the intersection, it executed two 180-degree turns. According to friends of the deceased child, the defendant's vehicle "zig-zagged" on the roadway at the approximate location where the child was killed and then engaged in a 360-degree turn in the center of the intersection. The defendant denied striking any person with his vehicle and testified that he felt he had been wrongly accused of a crime. One of the defendant's passengers at the time of the accident, Elizabeth Cater, testified that she did not observe any children in the roadway and that she was not aware of the defendant's vehicle striking any person. She did hear a sound that she believed was a snowball striking the defendant's truck. This occurred at the approximate location at which the victim's body was found.

The issues the defendant raises regarding his guilty plea are whether the trial judge erred in dismissing the motion to vacate judgment of conviction and whether the assistance of counsel for defendant was so ineffective as to render the guilty plea of the defendant involuntary. We are without authority to address these issues. Supreme Court Rule 604(d) provides, in relevant part:

"(d) Appeal by Defendant From a Judgment Entered Upon a Plea of Guilty. No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw his plea of guilty and vacate the judgment." 145 Ill. 2d R. 604(d).

■ Recently, the supreme court, in *People v. Janes* (1994), 158 Ill. 2d 27, reaffirmed its holding in *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218, that a timely filed motion to withdraw guilty plea is a condition precedent to taking an appeal. In *Janes,* the court held that the other requirements of Rule 604(d), including the requirement that the defendant's attorney file a certificate of compliance, should also be strictly complied with, but the remedy for a failure to comply with these other requirements is a remand to the circuit court to allow the defendant to file a new motion to withdraw guilty plea. The court held that the only Rule 604(d) requirements that are preconditions to an appeal are the motion to withdraw guilty plea itself, if the plea is being challenged, or a motion to reconsider sentence if only the sentence is being challenged. Here, the defendant timely filed only a motion to reconsider sentence. Therefore, the only issues properly before this court are those relating to the defendant's sentence. The portion of the appeal raising issues concerning the defendant's guilty plea is dismissed. The defendant's appropriate remedy lies in the Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.*). *Wilk*, 124 Ill. 2d 93, 529 N.E.2d 218.

The defendant raises several issues concerning his sentencing. He argues that his counsel was so ineffective at the sentencing hearing as to deprive him of his right to counsel, that the trial judge abused his discretion in finding that there was relevant and reliable evidence to establish the existence of aggravating factors, and that the trial judge abused his discretion in failing to indicate that the sentence of imprisonment was necessary to protect the public.

Sentencing is a matter of judicial discretion, and, absent an abuse of that discretion by the trial court, a sentence may not be altered on review. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.) Considerations when imposing a sentence include the circumstances surrounding the offense, the need to deter others, and protection of the public. (*People v. Whipple* (1992), 237 Ill. App. 3d 880, 604 N.E.2d 977.) It may be assumed that, in a bench sentencing hearing, the trial judge bases his decision on competent evidence he believed reliable from the evidence presented. (*People v. Evans* (1988), 125 Ill. 2d 50, 530 N.E.2d 1360.) The appellate court defers to the trial court's decisions concerning sentencing and presumes that the trial court considered only appropriate factors in sentencing, unless the record affirmatively shows otherwise. *People v. Lurks* (1993), 241 Ill. App. 3d 819, 609 N.E.2d 894.

■ With regard to the question of whether the defendant received adequate representation at the sentencing hearing, we have determined that we do not have an adequate record to review that

issue. No verbatim transcript of the sentencing hearing exists; the record contains two bystander's reports, one filed by the State and the other by defendant's former counsel, and also an opinion of the court as to the accuracy of the disputed paragraphs of those reports. The defendant argues that his former attorney failed to interview witnesses that could have provided mitigating evidence and also that his attorney failed to conduct adequate cross-examination. The only support for the assertion that the former defense counsel failed to conduct proper investigation is statements by the present defense counsel in his appellate brief. Those assertions are unsupported by the record and could not serve as a basis to vacate the defendant's sentence. As to the argument that defense counsel failed to conduct cross-examination of key prosecution witnesses, such an argument is nearly impossible to review from a bystander's report. Without a verbatim transcript of the sentencing hearing, this court cannot determine whether or not defense counsel conducted proper cross-examination.

■ The defendant next argues that the trial judge abused his discretion in finding that there was relevant and reliable evidence to establish the existence of aggravating factors and also that the court abused its discretion in failing to indicate that the sentence of imprisonment was necessary to protect the public, or that probation or conditional discharge would deprecate the seriousness of the offense. Any issue not raised in the motion to reconsider sentence is waived on appeal. (*People v. Root* (1992), 234 Ill. App. 3d 250, 600 N.E.2d 461.) Neither of these issues was raised in the defendant's motion for modification of sentence or in the motion for leave to amend motion for modification of sentence and both are raised for the first time on appeal. Consequently, these issues have been waived.

For the foregoing reasons, the appeal from the judgment of the circuit court of Whiteside County is dismissed in part and the judgment is affirmed.

Appeal dismissed in part; judgment affirmed.

SLATER, P.J., and McCUSKEY, J., concur.