THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ORSON PEGUES, Defendant-Appellant.

First District (4th Division)    No. 1—94—1079

Opinion filed January 25, 1996.

Michael J. Pelletier and Tomas G. Gonzalez, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Janet Powers Doyle, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

The defendant, Orson Pegues, entered a plea of guilty to a violation of probation, possession of a controlled substance, and illegal use of a firearm by a felon. He was sentenced to consecutive terms of four years' imprisonment for the weapons charge and three years' imprisonment for possession of a controlled substance, both to run concurrently with a term of seven years' imprisonment for the violation of probation. Seventy-nine days later, the defendant filed a *pro se* motion to reduce his sentence along with a request for the appointment of counsel. The trial court did not appoint counsel for the defendant and summarily denied his motion. The defendant appeals, and for the reasons which follow, we vacate the order denying his motion for reconsideration of his sentence and remand this case to the circuit court for further proceedings consistent with this opinion.

Supreme Court Rule 604(d) provides in pertinent part:

"No appeal from a judgment entered on a plea of guilty shall be taken unless the defendant, *within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged,* or, if the plea is being challenged, a motion to withdraw his plea of guilty and vacate the judgment. The motion shall be in writing and shall state the grounds therefor. \*\*\* *The trial court shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel.*" (Emphasis added.) 145 Ill. 2d R. 604(d).

Supreme Court Rule 605(b), in relevant part, requires:

"In all cases in which a judgment is entered upon a plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:
\*\*\*
(2) that prior to taking an appeal he must file in the trial court, within 30 days of the date on which sentence is imposed, *a written motion asking to have the trial court reconsider the sentence* or to have the judgment vacated and for leave to withdraw his plea of guilty, setting forth his grounds for the motion \*\*\*." (Emphasis added.) 145 Ill. 2d R. 605(b).

On appeal, the defendant argues that the trial court erred in summarily denying his motion for a sentence reduction without first appointing counsel to represent him as required by Rule 604(d). The State contends that the trial court was correct in summarily denying the defendant's motion, because it was filed after the expiration of the 30-day filing period provided in Rule 604(d). While acknowledging

that his motion was filed after the expiration of the 30-day period, the defendant argues that his failure to comply with the rule was the result of the court's failure to properly admonish him of the necessity of filing a motion to reconsider his sentence as required by Rule 605(b).

In *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218, our supreme court held that when a defendant complains only of the sentence received on his guilty plea, he need not move to withdraw his plea but must only file a motion for reconsideration of the sentence in order to appeal from that sentence. In *People v. Wallace* (1991), 143 Ill. 2d 59, 570 N.E.2d 334, the court held that the filing of a motion to reconsider a sentence is a "prerequisite" to an appeal from a sentence imposed on a plea of guilty. (*Wallace*, 143 Ill. 2d at 60.) Failure to file such a motion before the trial court within the prescribed time period waives not only the opportunity to do so, but also the defendant's opportunity to appeal his sentence. (See *People v. Feltes* (1994), 258 Ill. App. 3d 314, 316, 629 N.E.2d 1172; *People v. Jett* (1991), 211 Ill. App. 3d 92, 569 N.E.2d 1152, *appeal denied* (1991), 141 Ill. 2d 551, 580 N.E.2d 125.) However, an exception to the waiver rule exists in cases where the defendant has not been properly admonished pursuant to Rule 605(b). If the trial court fails to give the proper admonishments, the defendant's failure to adhere to the time requirement will not result in a waiver. *People v. Cochrane* (1994), 257 Ill. App. 3d 1047, 630 N.E.2d 486; *People v. Castillo* (1993), 243 Ill. App. 3d 818, 612 N.E.2d 533.

After the defendant entered his guilty pleas and received his sentence, the trial court admonished him as follows:

"[T]he court also advises you that you have the right to appeal the judgment entered upon your pleas of guilty.

In order to do so, you must file a written petition in this court within 30 days of today asking to have the judgment vacated, that means set aside, sir, and asking for leave to withdraw your plea of guilty setting forth the grounds for your motion.

If you are without funds for an attorney and transcript, both will be provided free of charge.

If the motion is granted, all charges will be reinstated. You will then proceed on to a trial.

Any issue not raised in your motion to vacate the judgment and withdraw your plea of guilty will be waived on appeal."

■ It is now without question that Rule 604(d) contemplates two entirely distinct motions that may be filed by a defendant sentenced on a plea of guilty: one is a motion to withdraw his plea and vacate the judgment, and the other is a motion to reconsider his sentence.

(*Wallace*, 143 Ill. 2d at 60-61.) Prior to 1992, Rule 605(b) required only that the trial court advise the defendant of his right to appeal and of the necessity of filing a motion to vacate the judgment and for leave to withdraw his plea of guilty before an appeal may be taken. (134 Ill. 2d R. 605(b); see also *People v. Root* (1992), 234 Ill. App. 3d 250, 600 N.E.2d 461.) In 1992, however, Rule 605(b) was amended to require an additional admonishment as to the necessity of filing a motion to reconsider the sentence in the event the defendant desired to challenge that sentence. And as the supreme court has pointed out, its rules "concerning criminal defendants and guilty pleas are in fact rules of procedure and not suggestions." *Wilk*, 124 Ill. 2d at 103; see also *People v. Janes* (1994), 158 Ill. 2d 27, 630 N.E.2d 790.

■ From our reading of the record in this case, it is evident that the court properly advised the defendant that in order to appeal from his guilty plea, he must file a motion to vacate the judgment and withdraw the plea within 30 days of sentencing. It is equally clear, however, that the court failed to apprise him of the requirement that he file a separate motion to reconsider his sentence within 30 days. We find, therefore, that although the defendant's motion for reconsideration was filed outside the 30-day period in Rule 604(d), the tardy filing is not grounds for a denial of the motion, because of the court's failure to substantially admonish him in accordance with Rule 605(b). See *Castillo*, 243 Ill. App. 3d at 822.

Having determined that the defendant's motion was not untimely, we must now address the propriety of the trial court's denial of the motion without first having appointed counsel to represent the defendant. In his *pro se* motion for reconsideration of his sentence, the defendant requested the appointment of counsel. Additionally, the defendant filed a motion alleging poverty.

By its plain terms, Rule 604(d) mandates that trial judges appoint an attorney to represent any indigent defendant desiring counsel. (145 Ill. 2d R. 604(d).) A defendant has the right to the aid of an attorney in the preparation and presentation of a motion pursuant to Rule 604(d), and such a motion should not be denied until that representation has been obtained. *People v. Adams* (1979), 74 Ill. App. 3d 727, 393 N.E.2d 658; see also *Janes*, 158 Ill. 2d at 35.

For the reasons stated above, we vacate the order of the trial court denying the defendant's motion for a sentence reduction and remand this case to the circuit court with directions to appoint counsel to represent the defendant in the prosecution of his motion.

The State has made the additional argument that since the defendant freely and knowingly entered into the plea agreement, the trial court was correct in summarily denying the motion. We express

no opinion as to the merit of the defendant's motion, because that determination belongs in the first instance to the trial court. We hold only that pursuant to Rule 604(d), the defendant was entitled to representation in the presentation of his motion, which was not afforded to him.

Order vacated and cause remanded with directions.

CAHILL and THEIS, JJ., concur.