2022 IL App (1st) 210062-U

No. 1-21-0062

February 22, 2022

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| | ) | Nos. 19 CR 12308 |
| | ) | 20 CR 1840 |
| v. | ) | 20 CR 2709 |
| | ) | 20 CR 3384 |
| | ) | 20 CR 6751 |
| | ) | |
| DETRICE FAIR, | ) | Honorable |
| | ) | Angela Munari Petrone, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE HOWSE delivered the judgment of the court.
Justices Lavin and Cobbs concurred in the judgment.

ORDER

¶ 1    *Held*:  We remand to the circuit court for substantial compliance with Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001).

¶ 2    Pursuant to a plea agreement, defendant Detrice Fair pled guilty to three counts of misdemeanor battery (720 ILCS 5/12-3(a)(1), (2) (West 2018)), one count of aggravated battery

predicated on making insulting or provoking contact with an employee of a correctional institution (720 ILCS 5/12-3.05(d)(4)(i) (West Supp. 2019)), and one count of aggravated battery predicated on causing bodily harm to a nurse (720 ILCS 5/12-3.05(d)(11) (West Supp. 2019)). The court imposed concurrent sentences of 351 days' time served on the misdemeanors, and consecutive prison terms of 3 years and 2 years on the respective aggravated battery counts. Defendant appeals, arguing that we should remand for proper postplea admonitions pursuant to Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001). We remand.

¶ 3     Defendant was charged in five indictments for aggravated battery of a nurse and correctional institution employees.

¶ 4     On August 5, 2020, the court noted that the parties had agreed the State would reduce three charges to misdemeanors and recommend a sentence of time served, and for the remaining felony counts, recommend a total sentence of five years.[1]

¶ 5     In case Nos. 19 CR 12308, 20 CR 1840, and 20 CR 2709, the State proceeded on one amended count of misdemeanor battery and nol-prossed the additional counts. The parties stipulated to the factual basis for each case, including that defendant struck someone in the face while in the Markham courthouse (No. 19 CR 12308), and spit on two individuals while in the Cook County jail (Nos. 20 CR 1840 and 20 CR 2709). Defendant pled guilty in each case.

---

[1] The report of proceedings also indicates that, as part of the agreement, the State dismissed an additional case against defendant on January 27, 2020. However, the record does not include the charging instrument for that case or otherwise indicate that proceedings took place on that date.

¶ 6    In case Nos. 20 CR 3384 and 20 CR 6751, the parties stipulated that the evidence would show, respectively, that defendant struck a nurse and threw suspect urine on a correctional officer. Defendant pled guilty to one count of aggravated battery in each case.[2]

¶ 7    As to the misdemeanors, the court imposed concurrent sentences of 351 days' time served. On the aggravated battery counts, the court imposed consecutive prison terms of three years (No. 20 CR 6751) and two years (No. 20 CR 3384).

¶ 8    The court then stated:

"Even though you pled guilty on each case, you have the right to file an appeal. If you want to try to take back your plea of guilty within 30 days from today, you would have to file a written motion to withdraw the guilty plea and to vacate the judgment.

In the motion, you would have to state all the reasons why you want to take back the guilty plea. If the motion is granted, the guilty plea and the sentence and the judgment will be set aside, the case would be reinstated, and it would be set for trial.

And any charges that were dismissed as part of this agreement, those would also be reinstated at the State's request and set for trial.

If your motion is denied, you would have 30 days from denial to file a written notice of appeal. Any issue or claim of error that's not put in the motion to withdraw the guilty plea and vacate the judgment will be given up for appeal purposes.

If you could not afford a lawyer on appeal, one would be appointed free of charge, and you would be given a free transcript from today's proceedings."

---

[2] Although the report of proceedings does not indicate the State nol-prossed an additional count that had been charged in case No. 20 CR 3384, the mittimus reflects that the State nol-prossed that count.

¶ 9    Defendant confirmed that she understood her appellate rights.

¶ 10    Defendant did not file a postplea motion. On January 21, 2021, defendant filed a motion for leave to file a late notice of appeal, which this court allowed.

¶ 11    On appeal, defendant argues that her case must be remanded as the trial court inadequately admonished her pursuant to Rule 605(c) that (1) she must file a motion to withdraw her plea prior to appealing, (2) she must file her postplea motion in the trial court, and (3) she was entitled to counsel for assistance with her postplea motion. The State argues that we should dismiss defendant's appeal as she failed to file a motion to withdraw her plea and vacate judgment prior to appealing.

¶ 12    To challenge a guilty plea on appeal, a defendant must, within 30 days of sentencing, file a motion in the trial court to withdraw her plea and vacate judgment. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Compliance with Rule 604(d) is a "condition precedent" to appeal. *People v. Lloyd*, 338 Ill. App. 3d 379, 382-83 (2003) (citing *People v. Wilk*, 124 Ill. 2d 93, 105 (1988)). If the defendant fails to file a Rule 604(d) motion, the appellate court may not consider the appeal's merits and must dismiss it. *People ex rel. Alvarez v. Skryd*, 241 Ill. 2d 34, 40 (2011).

¶ 13    However, dismissing the appeal would violate due process if the trial court did not instruct the defendant that she must first file a Rule 604(d) motion. *Id.* at 41. Thus, as a "necessary corollary" to Rule 604(d), Rule 605 requires the trial court to admonish the defendant of Rule 604(d)'s requirements. *Id.* Specifically, when a defendant enters a negotiated guilty plea, the trial court must substantially advise her:

"(1) that the defendant has a right to appeal;

(2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001).

¶ 14    The trial court need not read the rule verbatim. *People v. Dominguez*, 2012 IL 111336, ¶ 11. However, it must substantially comply with the rule by imparting its "essence or substance" such that the defendant is "properly informed, or put on notice," of the steps necessary to preserve the right to appeal. *Id.* ¶ 22. If the trial court fails to substantially advise a defendant of the contents of Rule 605(c), we remand the case for proper admonishments. *Id.* ¶ 11. We review this issue *de novo*. *Id.* ¶ 13.

¶ 15    Here, the parties agree that defendant entered a negotiated plea, and the record reflects that they agreed to the sentences the court imposed. Thus, the trial court was required to substantially advise defendant pursuant to Rule 605(c). See Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001) (a plea is negotiated if the prosecution bound itself to recommend a specific sentence or range or made concessions relating to the sentence).

¶ 16    The trial court informed defendant that she had the right to appeal, and that "[i]f" she wanted "to take back [her] plea of guilty within 30 days from today, [she] would have to file a written motion to withdraw the guilty plea and to vacate the judgment." The court then admonished defendant that (1) her postplea motion must include the reasons she wished to withdraw her plea; (2) if the court granted the motion, the judgment would be set aside, the case would be set for trial, and the State could reinstate the other charges; (3) if the motion were denied she "would have 30 days from denial to file a written notice of appeal," and; (4) that any issue not asserted in the motion would be waived for purposes of appeal.

¶ 17    We conclude that the court failed to substantially comply with Rule 605(c)(2), as it did not specify that defendant must file a motion to withdraw her plea and vacate judgment prior to appealing. See Ill. S. Ct. R. 605(c)(2) (eff. Oct. 1, 2001). Instructive is *People v. Castillo*, 243 Ill. App. 3d 818 (1993). There, following the defendant's guilty plea, the court stated:

> "Now, Mr. Castillo, since this is a voluntary plea on your part, should you wish to
>
> change your mind, you have 30 days from today's date in which to file a petition to ask for
>
> leave to withdraw your plea of guilty. If you do file such a petition, it will be set down
>
> before me for a hearing. If I grant you leave to withdraw your plea of guilty, then you're
>
> right back to where you were when you walked in here this morning. All the charges that

are being dismissed, as well as the other case, will be reinstated. All the rights you gave up are given back to you. Then we go to trial on both cases. If I deny you leave to withdraw your plea of guilty, then you have a right to appeal, and you can do that by filing a notice of appeal within [30] days thereafter." *Castillo*, 243 Ill. App. 3d at 819-20.

¶ 18   We concluded on appeal that the trial court insufficiently advised the defendant that he must file a motion to withdraw his plea and vacate judgment in the trial court prior to appealing. *Id.* at 821-22.

¶ 19   Also instructive is *People v. Perry*, 2014 IL App (1st) 122584. In *Perry*, the court stated:

"Sir, you have the right to appeal, that has to be filed within 30 days of today's date. If I grant the motion, the plea will be set aside, the matter will be set for trial.

If I deny it, you have 30 days to appeal.

* * *

Sir, you have the right to appeal; that has to be filed within 30 days of today's date in writing, indicating all the reasons why you want to withdraw that plea.

If I grant that motion, the plea will be set aside and the matter will be set for trial. If I deny it, you have 30 days to appeal in writing, and if you don't have the money to hire a lawyer, one will be provided for you, free of charge." *Perry*, 2014 IL App (1st) 122584, ¶ 5.

¶ 20   On appeal, we first noted that the trial court failed to address that the State could reinstate any dismissed charges or that any issue not included in the postplea motion would be waived on appeal. *Id.* ¶ 16. We further noted that the court inadequately admonished the defendant as to Rule 605(c)(2), as the court's language implied that the defendant had 30 days to file a direct appeal.

*Id.* ¶ 17. Moreover, the subsequent admonition that the plea would be set aside if the court granted "that motion," was insufficiently specific to resolve any ambiguity regarding whether the defendant had 30 days to file a direct appeal. *Id.*

¶ 21    Here, the court did not admonish defendant that, before she could appeal, she must file a motion to withdraw her plea. Rather, the court advised that she had the right to appeal, and "[i]f" she wished to "take back" her plea, she "would have to" file a motion to do so within 30 days. Contrary to the State's assertion, that admonishment did not substantially advise defendant that she was required to file a postplea motion before appealing, as the court only communicated that she must file a motion if she wished to "take back," *i.e.*, withdraw, her plea. See *Castillo*, 243 Ill. App. 3d at 819-22 (remanding where court did not communicate that postplea motion was condition precedent by stating the defendant had 30 days to file a postplea motion should he wish to "change [his] mind").

¶ 22    Taken as a whole, the court's admonishments communicated that defendant (1) had the right to appeal, and (2) must file a postplea motion if she wished to take back her plea. That language could be interpreted as advising that defendant could file an appeal *or* move to withdraw her plea in the trial court and appeal if unsuccessful. Although the court advised that defendant had 30 days to appeal if the court denied her postplea motion, that admonition did not clarify that filing a postplea motion was a condition precedent to appeal. See *id.* (remanding despite trial court's admonition that defendant had right to appeal within 30 days of denial of postplea motion). Nor did the court's admonition that the plea would be set aside and the case reinstated if the court granted defendant's postplea motion. See *Perry*, 2014 IL App (1st) 122584, ¶ 17 (admonition that

the plea would be set aside if the court granted the "motion" did not resolve ambiguity of whether defendant had 30 days to appeal).

¶ 23    Thus, the court did not put defendant "on notice" that she must attempt to withdraw her plea before she could appeal. *Dominguez*, 2012 IL 111336, ¶ 22. Accordingly, the court failed to substantially advise defendant pursuant to Rule 605(c)(2). *Id.* As the court failed to adequately admonish defendant that she must file a motion to withdraw her plea and vacate judgment prior to appealing, we need not reach her arguments that the court failed to advise her that the motion must be filed in the trial court and she was entitled to counsel for assistance with her motion.

¶ 24    For the foregoing reasons, we remand to the circuit court of Cook County.

¶ 25    Remanded.